**Opinion issued February 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00988-CR

_____

**EZEQUIEL AGUIRRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1580422**

---

## MEMORANDUM OPINION

Appellant, Ezequiel Aguirre, pleaded guilty to the felony offense of

aggravated sexual assault of a child,[1] reduced from the felony offense of continuous

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e).

sexual abuse of a child,[2] with an agreed punishment recommendation of confinement for thirty years. The trial court accepted the plea agreement, found appellant guilty, and assessed his punishment at confinement for thirty years. The trial court certified that this case is a plea-bargained case and appellant has no right of appeal. Appellant timely filed a pro se notice of appeal.

We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Here, the record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed. The trial court's certification is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is

---

[2] *See id.* § 21.02(a), (b), (h).

permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

3